## SHELDON *against* STEERE :

### IN ERROR.

The principal sum, for which the plaintiff is entitled to judgment, in an action on a promissory note, after a bill of usury under the statute, filed by the defendant, and a finding in his favour, is the sum justly due on such note, without the allowance of interest on that instrument.

Therefore, where *A.*, in 1806, loaned a sum of money to *B.*, on usurious interest, secured by *B.'s* note ; and, at the end of each successive year, a new note was

*Windham,*
July,
1823.

Sheldon
*v.*
Steere

taken, for the amount of the next preceding note, including usurious interest, until 1819, when a new note was taken for the amount of the last note, bearing lawful interest; an action being afterwards brought by *A.* on this note, *B.* filed his bill of usury; and the court, upon these facts, having expunged all the usurious interest, and the lawful interest on the note in suit, rendered judgment for the plaintiff to recover the sum of money originally loaned in 1806, and lawful interest thereon, compounded annually, until the date of the note in suit; it was held, that such judgment was correct.

This was an action on a promissory note, executed by *Sheldon,* the original defendant, on the 2nd of *July,* 1819, for 125 dollars, 71 cents, and interest.

The defendant, on the second day of the court, filed his bill in equity, stating, That on the 2nd of *June,* 1806, the defendant applied to the plaintiff for the loan of a sum of money; and the plaintiff loaned to the defendant the sum of 43 dollars, 20 cents, and took his note therefor, upon a corrupt and usurious agreement, that the defendant should pay, annually, to the plaintiff at the rate of twelve *per cent.* for the use and forbearance of the money; that at the expiration of one year, the defendant took up his note, and gave a new one, including 5 dollars, 60 cents, for the use and forbearance of the money during that year; and that ever since, until the execution of the note in suit, the defendant gave, annually, a new note for the amount of the note given the preceding year, including a sum for the use and forbearance of the money at the rate of twelve *per cent. per annum;* that the note in suit was given for the renewal of the last of this series of notes, and on no other consideration, containing 144 dollars, 59 cents, more than the original debt, and 110 dollars, 90 cents, more than such debt would have amounted to, at the lawful rate of interest. The bill prayed the court to expunge from the note, all the interest, which had been added to the sum originally loaned.

The court found the facts stated in the defendant's bill to be true; and thereupon decreed, that the excess of money contained in the note in suit beyond the sum originally loaned, and compound interest thereon, at the lawful rate, until the execution of the note in suit, should be expunged. The excess so expunged amounted to 95 dollars, 65 cents; and for the residue, *viz.* 92 dollars, 14 cents, the plaintiff had judgment. To obtain the reversal of that judgment, the defendant brought the present writ of error.

*G. Learned,* for the plaintiff in error, contended, That the plaintiff in the original action was entitled to recover no more

than the sum of 43 dollars, 20 cents, originally loaned. The statute provides, that if the court find the security to be usurious, they shall "give judgment, that the plaintiff recover no more than the *principal sum*, which the defendant received of the plaintiff, *without interest* or *any advance thereupon.*" *Stat.* 679. *tit.* 170. *s.* 10. ed. 1808. Every note after the first, was given to renew the next preceding one. Now, it is a well settled principle, that the renewal of a note does not purge usury. The transaction, then, from first to last, through all the notes, was usurious. It was, also, with respect to the existence and effects of usury, a single transaction. The defendant received of the plaintiff but one *principal sum ;* and *that* was received on the 2nd of *June*, 1806. So much, and so much only, the plaintiff is entitled to recover. If he has judgment for more, he gets the principal sum *with* interest, or an advance thereupon.

This is not strictly and merely a chancery proceeding. It is regulated entirely by statute. The object of the legislature was, not to do perfect equity between the parties, but to restrain usury.

*Davis*, for the defendant in error, contended, That the judgment of the court was confined, in its operation, to the security on which the action was brought. *Stat.* 679. *tit.* 170. *s.* 9. 10. ed. 1808. The renewal of a note does not, indeed, take out the infection of usury ; but it is a reloan of the sum legally due. The principal sum received by the defendant, when the note in suit was given, consisted of the sum of 43 dollars, 20 cents, advanced in 1806, and the lawful interest thereon, which, by annually renewing the security, was made compound interest. This was both legal and equitable.

HOSMER, Ch. J. The statute we are now called on to expound, with the most mitigated construction of which it is susceptible, bears very hard on the plaintiff. He is compelled, under oath, to disclose, the real consideration of his demand ; and the principal being ascertained, he at most is to recover that only, without any interest on the note in suit. Chancery never enforces a discovery, which may subject the party to a forfeiture ; and on this principle, upon a bill to vacate a usurious contract, a disclosure is never compelled, unless the bill contain an offer or tender of the sum actually due, with the legal interest. Earl of *Suffolk* v. *Green* & al. 1 *Atk.* 450. *Chauncey* v.

*Tahourden,* 2 *Atk.* 392. *Rogers* v. *Rathbun,* 1 *Johns. Chan. Rep.* 367. He who will have equity, must do equity ; and the lawful interest is considered to be as equitably due, as the principal. *Bosanquet* v. *Dashwood,* 1 *Talb. Ca.* 37. 1 *Fonbl.* 22. 235. *Fitzroy* v. *Gwillim,* 1 *Term Rep.* 153. *Rogers* v, *Rathbun,* 1 *Johns. Chan. Rep.* 367.

As it is the province of the court, *jus dicere, non dare,* the meaning of the statute must be first ascertained, and then effectuated. So far as the act may be considered penal, and this undoubtedly is its character in depriving the creditor of the interest due on an honest principal, it ought to receive a strict construction.

By the 9th and 10th sections of the law for restraining usury, in any action brought on bond, note, or other instrument, the defendant is permitted to file a bill, alleging the consideration to be usurious ; and then it becomes the duty of the court to investigate the subject. If, upon a hearing, the bond, note or other instrument, is found to be usurious, it is to be adjusted in equity ; and the court is to give judgment for no more than the principal sum, without interest. In this case, the usury was expunged, and the interest on the note in suit disallowed. It is now contended, that any former interest on the actual principal, ought likewise to have been annulled, and deducted from the note. This, I think, would be extending the law beyond the intention of the legislature, as it is apparent from their expressions. The bond and note spoken of, are the objects to which the words of the statute are directed ; and when it is said, the real principal shall be allowed, without the interest, the fair intendment is, that the sum justly due on the specialty shall be recovered, without the allowance of interest *on that instrument.* The construction of the statute in the court below, therefore, was correct ; and there is no error in the determination complained of.

The other Judges were of the same opinion.

Judgment affirmed.